United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Cynthia D. Jacobs, Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-62318-Civ-Scola |
| | ) | |
| Ocwen Loan Servicing, LLC, | ) | |
| Defendant | | |

## Order on Defendant's Motion to Stay

The Defendant Ocwen Loan Servicing, LLC, asks the Court to stay this case pending a decision by the D.C. Circuit Court of Appeals in *ACA International v. Federal Communications Commission*, Case No. 15-1211. (Mot., ECF No. 17.) In that consolidated appeal, the D.C. Circuit will review the validity of a 2015 Federal Communications Commission Order ("the FCC Order"). (*Id.* Ex. 1 at 4.) Ocwen argues that the decision in *ACA International* will substantially affect "the resolution of an issue critical to" the Plaintiff Cynthia D. Jacobs's claim under the Telephone Consumer Protection Act ("TCPA"). (*Id.* at 9.) Jacobs opposes the stay. (Resp., ECF No. 20.)

Jacobs filed a complaint alleging violations of the TCPA and two additional state-law counts. (Compl., ECF No. 1.) As relevant here, the TCPA makes it unlawful for any person "to make any call [to a cellular telephone] . . . using any automatic telephone dialing system or an artificial or prerecorded voice . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Jacobs primarily argues that Ocwen violated the TCPA by using an automatic telephone dialing system ("ATDS"). (Compl. ¶¶11, 16–17, 21, 42–43, 45, 47, 51.) Jacobs mentions in only three paragraphs that Ocwen violated the TCPA by using a prerecorded message. (Compl. ¶¶ 21, 45, 51.) This action is still in the beginning stages and the fact discovery deadline has not yet passed.

The FCC Order at issue in *ACA International* provides, in part, an interpretation of what constitutes an ATDS under the TCPA. (Mot. Ex. 2 at 6, 12–18, ECF No. 17-2.) The outcome of *ACA International*, then, does indeed affect a critical issue in this Court's resolution of the present case.[1] However,

---

[1] Circuit courts of appeal, except the Federal Circuit, have exclusive jurisdiction to determine the validity of a final order of the FCC. 28 U.S.C. § 2342(1). Where several challenges to a final order arise across several jurisdictions, those are consolidated in one circuit, whose decision becomes binding on all circuits. *See* 28 U.S.C. § 2112; *Peck v. Cingular Wireless, LLC*, 535 F.3d 1053, 1057 (9th Cir. 2008). Consequently, the D.C. Circuit's decision will be binding in the Eleventh Circuit.

*ACA International* is not dispositive of Jacobs's entire case because Jacobs also alleges, albeit marginally, the use of a prerecorded voice. The Court must determine whether a stay pending resolution of *ACA International* is appropriate in these circumstances, where that resolution will substantially affect a critical issue in this case but will not dispose of the entire case.

"A district court has the authority to issue a stay of the proceedings pending resolution of a related matter in another court." *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, (S.D. Fla. May 21, 2012) (Scola, J.) (citing *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)). The Court must ensure, of course, that the stay "does not prove 'immoderate'—that is to say, too long, too indefinite, or without proper justification . . . ." *NIACCF*, No. 12-20756-CIV, 2012 WL 1852941, at *1. To this end, courts also must consider the relative prejudice and hardship "worked on each party if a stay is or is not granted," and general efficiency. *Fitzer v. Am. Institute of Baking, Inc.*, No. 209-cv-169, 2010 WL 1955974 (S.D. Ga. May 13, 2010).

As both parties rightly note, district courts across the nation have reached different conclusions on the identical issue before this Court. In the Southern District of Florida, two judges have denied a stay pending appellate review of the FCC Order where the underlying complaint alleged the improper use of an ATDS under the TCPA. *Mancini v. JPMorgan Chase Bank, N.A.*, No. 15-cv-61524-UU, 2016 WL 1273185, at *1 (S.D. Fla. Mar. 28, 2016) (Ungaro, J.); *Leachman v. Discover Financial Services, LLC*, No. 15-cv-62120-PAS (S.D. Fla. Jan. 12, 2016) (Seitz, J.) (order denying motion to stay). This Court notes, however, that *ACA International* had quite a different procedural posture at the time those judges denied the motions to stay. Specifically, the D.C. Circuit had not even set oral arguments in the case, and neither court could determine the potential duration of the stay. *Mancini*, No. 15-cv-61524-UU, 2016 WL 1273185, at *1 ("Any stay would be indefinite . . . ."); *Leachman*, Case No. 15-cv-62120-PAS ("In light of . . . the indeterminate timeline of its appellate review . . . .").

On the other hand, several judges in the Middle District of Florida have granted stays under these exact circumstances. *Coatney v. Synchrony Bank*, No. 16-cv-389-ORL-22TBS, 2016 WL 4506315 (M.D. Fla. Aug. 2, 2016); *Shahin v. Synchrony Fin.*, No. 15-cv-2941-35-EAJ (M.D. Fla. Apr. 12, 2016); *Mackiewicz v. Nationstar Mortgage LLC.*, No. 15-cv-465-Orl-18GJK (M.D. Fla. Nov. 10, 2015). This Court agrees with the reasoning in *Coatney*:

> Whether Defendants used an ATDS when making telephone calls to Plaintiff is a threshold issue for liability under the TCPA and for the scope of discovery. A stay will conserve judicial resources, will

help clarify the law, and will enable this Court to render a sound decision. Importantly, Plaintiff has not shown that he will be prejudiced by a stay at such an early stage in the litigation. It is not likely the stay will be lengthy given that *ACA International* has been fully-briefed as of February 2016 and the potential prejudice is minimal. Lastly, granting a stay will reduce the burden of litigation on the parties and the Court by allowing the Court to avoid issuing a dispositive Order in the midst of an uncertain legal environment.

No. 16-cv-389-ORL-22TBS, 2016 WL 4506315, at *2 (internal quotations and citations omitted).

Here, the Court also considers persuasive that oral arguments in *ACA International* occurred on October 19, 2016, and—far from "indefinite" or "indeterminate"—a decision remains imminent. (Mot. Ex. 3, ECF No. 17-3.) Further, Ocwen has raised factual challenges to Jacobs's prerecorded-voice claims. If the Court were to find that Jacobs failed to sustain a TCPA claim based on the use of a prerecorded voice, the Court would still need to determine whether Ocwen used an ATDS, as defined in the FCC Order or possibly as redefined by the D.C. Circuit. Thus, a limited stay is appropriate.

Accordingly, the Court **grants** the motion to stay (**ECF No. 17**). The case will remain stayed until the issuance of the opinion from the D.C. Circuit. The parties must notify the Court **within seven days** of the issuance of the opinion from the D.C. Circuit. Further, Ocwen shall file a status report with this Court **every forty-five days,** beginning on **May 30, 2017,** indicating the status of *ACA International.* In the meantime, the Court directs the Clerk to administratively **close** this case.

**Done and ordered**, at Miami, Florida, on April 13, 2017.

_____
Robert N. Scola, Jr.
United States District Judge